IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 cr 65

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RAYMOND NEAL SWAYNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#13) filed on August 2, 2016 by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Mary Ellen Coleman, and the Government was present through AUSA Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report.

The Defendant was charged in a bill of indictment (#1) filed on May 20, 2016 with the crime of willfully setting on fire timber, underbrush, grass and other

1

flammable material upon an Indian reservation, in violation of 18 U.S.C. § 1855 and in count two with knowingly using fire and explosive materials to set timber afire, in violation of 18 U.S.C. § 844(h).  A hearing was held in regard to the detention of the Defendant on June 20, 2016 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond.  The undersigned further set conditions of release which included the following:

> (1) Defendant must not violate any federal, state or local law while on release.
>
> (8)(j) Defendant to avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution.

In the Violation Report it is alleged the Defendant had violated the condition of (8)(j) that Defendant avoid all contact, direct or indirect, with any person who is or may become a victim or potential witness in the prosecution of Defendant's case in that Defendant initiated contact with witnesses against him between July 20, 2016 and July 23, 2016 on the Cherokee Indian Reservation and attempted to discuss the case with the witness.

Testimony was presented through William Gray, a Special Agent of the Inspector General's Office of the United States Department of the Interior.  Agent

Gray testified that in late July he was contacted by Mario Escarve. Mr. Escarve is a potential witness and may be a co-defendant in this case. Agent Gray stated that he had been investigating approximately 12 to 15 fires that had occurred on the Cherokee Indian Reservation and Mr. Escarve had been identified by him as being a potential witness. Mr. Escarve's name was included in discovery documents that would have been delivered to Defendant's counsel.

On Monday, July 25, 2016, Agent Gray was contacted by Mr. Escarve who told Agent Gray that the Defendant had been in contact with Mr. Escarve on Thursday, July 21, 2016 and Friday, July 22, 2016. On Thursday, July 21, Mr. Escarve was at a daycare center picking up his child and at that time the Defendant approached him and began to discuss the status of the bill of indictment and charges against the Defendant. The Defendant told Mr. Escarve that the Defendant was not the only person who had set fires and other people would "go down" for setting fires.

Agent Gray further testified that Mr. Escarve told him that on Friday, July 22, the Defendant's brother, Doug Swayney, had been in contact with Mr. Escarve. As Mr. Escarve was driving down a road in the Cherokee Indian Reservation, he noticed there was an emergency vehicle that had activated it's emergency lights and was driving behind the vehicle Mr. Escarve was operating. Doug Swayney is a firefighter and has emergency lights on his vehicle. Mr. Escarve stopped his vehicle and Doug

Swayney came up to the vehicle and made derogatory comments to Mr. Escarve. Doug Swayney told Mr. Escarve that people who talked to investigators about the fires would need to disappear. Mr. Escarve is of the opinion that Doug Swayney was threatening him. Doug Swayney further referred to Agent Gray and another agent who had been investigating the fires as "Heckle and Jeckle". Doug Swayney then made the statement that Heckle and Jeckle needed to disappear. Mr. Escarve was of the opinion that Doug Swayney was stating that the two agents would need to be hurt or killed.

Later, on July 22, 2016, Mr. Escarve was pumping gas into his vehicle at the Hungry Bear gas station. The Defendant appeared at the gas station and came directly to Mr. Escarve. The Defendant then stated to Mr. Escarve that "people needed to shut up" and "people who talked to Heckle and Jeckle needed to disappear and Heckle and Jeckle needed to disappear."

On cross-examination, Agent Gray stated he did not know whether or not the Defendant had read the discovery that had been produced by the Government to the Defendant's counsel in this case and thus did not know whether or not the Defendant knew that Mr. Escarve was a potential witness. Agent Gray further testified that Mr. Escarve is an admitted user and distributer of drugs. Agent Gray testified that Mr. Escarve initially denied participating in the setting of fires, but later admitted he was

involved. Mr. Escarve continues to be employed by a fire department on the Cherokee Indian Reservation.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)   finds that there is----
>       (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>       (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)   finds that ---
>       (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>       (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal, state or local crime while on release. The Defendant threatened the witness, Mr. Escarve, on both July 21, 2016 and July 22, 2016.

There has further been shown by clear and convincing evidence that

Defendant violated the condition of release which required that he avoid all contact, direct or indirect, with any person who is a potential witness in the subject investigation or prosecution.  The Defendant, on both July 21st and July 22nd, approached Mr. Escarve concerning the case and made threatening statements to him that Mr. Escarve should not discuss the case with the investigators and anyone who did discuss the case with investigators should be made to "disappear".  Of particular note to the Court is the language that was used to the witness Escavre by the Defendant is directly consistent and almost exactly the same conversation and threatening language that had been made to the witness by the Defendant's brother, Doug Swayney, earlier on July 22, 2016.  The undersigned finds that the Defendant has clearly violated the condition of release which ordered him to refrain from all contact, direct or indirect, with any potential witness in the investigation or prosecution of this case.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.  It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release.  Despite the fact that Defendant was released

on terms and conditions of release on June 20, 2016, within one month he was violating one of the most important conditions of release that had been established for him. This Court orally advised the Defendant of that condition of release and further provided written copy of the condition of release to the Defendant. The Defendant should have not been discussing his case with anyone of the charges against him contained in the bill of indictment, but particularly, not Mr. Escarve. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release (#6) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: August 31, 2016

_____
Dennis L. Howell
United States Magistrate Judge